IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| James Rosenbaum, | C/A No. 9:18-1666-CMC |
|---|---|
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Mediko; Joseph Papotto, MD; Missy Vanduser; Latonya Wineglass; Phillip Thompson; and Wayne Owens, | |
| Defendants. | |

James Rosenbaum ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against Mediko; Joseph Papotto, MD; Missy Vanduser; Latonya Wineglass; Phillip Thompson; and Wayne Owens (collectively "Defendants") alleging deliberate indifference to his medical needs in violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and seeking injunctive relief and damages. ECF No. 24. This matter is before the court on Defendant Mediko's motion to dismiss, Defendant Vanduser's motion for summary judgment, Defendant Papotto's motion for summary judgment, Defendant Wineglass' motion for summary judgment, and Defendants Owens and Thompson's motion for summary judgment. ECF Nos. 43, 44, 45, 46, 51. Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and the need to file adequate responses. ECF Nos. 49, 52. Plaintiff filed responses to the motions. ECF Nos. 77, 78, 79, 80. Defendants Owens and Thompson, and Papotto, Vanduser, and Wineglass filed replies. ECF No. 82, 85.

On June 19, 2019, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Defendants' motions to dismiss and/or for summary judgment be granted. ECF No. 89. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On July 10, 2019, Plaintiff filed objections to the Report. ECF No. 91. Defendants Owens and Thompson filed a reply on July 24, 2019. ECF No. 92. This matter is ripe for the court's review.

**I.     Standard**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**II.    Discussion**

The Magistrate Judge recommends granting Defendants' motions to dismiss or for summary judgment. The Report concludes the requested injunctive and/or declaratory relief should be dismissed as moot, as Plaintiff is no longer a pretrial detainee, but a prisoner in the custody of the South Carolina Department of Corrections, and is no longer housed at the Detention

Center. ECF No. 89 at 28-29. As to Plaintiff's damages claim for deliberate indifference to serious medical needs, the Report recommends summary judgment as the evidence shows no medical Defendant was deliberately indifferent to Plaintiff's serious medical needs. *Id.* at 31. The Report also concludes the claims against non-medical Defendants (Owens and Thompson) should be dismissed, as Plaintiff failed to present evidence they did not follow instructions of medical personnel. *Id.* at 35. The Report also notes any potential claim for a HIPAA violation should be dismissed, as HIPAA does not provide for a private right of action. *Id.* at 37. Finally, the Report recommends any claim for retaliation should be dismissed, as there is no evidence Plaintiff was unlawfully retaliated against. *Id.*

Plaintiff asserts brief objections to the Report. He contends his affidavit states Dr. Papotto saw MRIs of his shoulder, and said he would need surgery but would have to wait until he was released. ECF No. 91 at 1. Plaintiff disagrees with the Report's assertion he did not submit medical proof he needed to see an orthopedic doctor, as his MRIs show tears in his shoulder and Dr. Papotto said he would need surgeries. *Id.* He further argues the MRIs and Dr. Papotto's statement "prove Dr. Papotto was deliberately indifferent to Plaintiff's serious medical needs." *Id.* at 2. No further objections were included.

Defendants Owens and Thompson were the only Defendants to file a reply to Plaintiff's objections. In their reply, they argue Plaintiff offered no specific objections related to them, but only challenged findings as to Dr. Papotto. ECF No. 92 at 2. Therefore, they contend, the balance of the Report should be reviewed only for clear error. As no clear error exists, they argue, summary judgment should be granted for Owens and Thompson. *Id.*

The court agrees Plaintiff has not offered specific objections to any portion of the Report except for the conclusions regarding medical evidence as to his shoulder. The Report's

3

conclusions regarding injunctive relief, a possible HIPAA claim, a possible retaliation claim, and claim regarding non-medical personnel (Owens and Thompson) are therefore reviewed for clear error. Finding none, the court adopts these portions of the Report and incorporates them by reference into this order. Summary judgment is granted to Defendants on these claims.

As to Plaintiff's claim for deliberate indifference of serious medical needs against medical personnel, the court finds Plaintiff's objections require *de novo* review of this portion of the Report. However, the court ultimately agrees with the Magistrate Judge that no medical Defendants (Papotto, Vanduser, or Wineglass) were deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's objections concern his shoulder MRIs and ongoing pain while he was a pretrial detainee. However, the evidence and medical records show Plaintiff was seen multiple times by physicians and medical staff at the Detention Center for chronic shoulder pain, and was prescribed medication – just not the medication Plaintiff desired. It is well established that deliberate indifference cannot be shown merely by a plaintiff's disagreement with the treatment provided. *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)) ("An inmate's mere disagreement with the course of treatment provided by medical officers will not support a valid [deliberate indifference] claim."). Further, while Plaintiff has provided evidence of a shoulder injury and/or pain, he has not provided evidence that the treatment of his shoulder while at the Detention Center, namely the failure to send him for an external orthopedic consultation or to prescribe narcotic pain medications, establishes a violation

of his constitutional rights via deliberate indifference. Accordingly, the medical Defendants are entitled to summary judgment on the deliberate indifference claim.[1]

### III. CONCLUSION

Having conducted a *de novo* review of the Report and underlying motion and related memoranda, and having fully considered Plaintiff's objections, the court adopts the Report and it is incorporated into this order. Defendants' motions to dismiss and/or for summary judgment (ECF Nos. 43, 44, 45, 46, 51) are granted, and this matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
July 31, 2019

---

[1] As noted by the Magistrate Judge, Defendant Mediko, which provided medical services to detainees at the Detention Center pursuant to a contract, could be liable to Plaintiff if a constitutional violation resulting in damages was the result of a policy or custom of Mediko. ECF No. 89 at 30. Plaintiff provided no objections regarding Defendant Mediko or its policies, and the court finds no clear error.

5